# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NORMA HUNTER AND** | § | |
| **BRENDA JONES,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 1:21-cv-00876** |
| | § | **JURY TRIAL DEMANDED** |
| **LOWE'S COMPANIES, INC., AND** | § | |
| **SPIRO PEREYO** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANT LOWE'S COMPANIES, INC.'S**
*(incorrectly named and an improper party)*
**INDEX OF MATTERS BEING FILED**

---

Defendants, LOWE'S COMPANIES, INC. ("Defendants"), file this Index of Matters

Being Filed pursuant to Federal Rule of Civil Procedure 81, as follows:

Exhibit 1:   All Executed Process:

- Affidavit of Service as to Lowe's Companies, Inc. dated August 31, 2021

Exhibit 2:   All State Court Pleadings:

- Plaintiffs' Original Petition filed August 10, 2021
- Defendant Lowe's Companies, Inc.'s Original Answer filed September 27, 2021

Exhibit 3:   State Court Docket Sheet

Exhibit 4:   List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(Executed Service of Process)*

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-21-003847**

NORMA HUNTER AND BRENDA JONES

, Plaintiff

vs.

LOWE'S COMPANIES, INC., AND SPIRO PEREYO,

, Defendant

TO:   LOWES COMPANIES INC
      BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
      D/B/A CSC-LAWYERS INCORPORATIONG SERVICE COMPANY
      211 E 7TH STREET, STE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on AUGUST 10, 2021 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 17, 2021.

REQUESTED BY:
MARK BRADLEY BLACKBURN
6618 SITIO DEL RIO BLVD STE C101
AUSTIN, TX 78730-1147
BUSINESS PHONE:(512)684-8900  FAX:(512)684-8920



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - RETURN - - - - - - - - -

Came to hand on the ___31___ day of ___AUG.___, ___2021___ at ___9:58___ o'clock ___A___ M., and executed at _____ within the County of _____ on the ___31___ day of ___AUG___, ___2021___, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-003847                    SERVICE FEE NOT PAID                    P01 - 000110044

# EXHIBIT 2

*(All State Court Pleadings)*



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23712493**
**Date Processed: 09/01/2021**

**Primary Contact:**  Heather McClow
Lowe's Companies, Inc.
1000 Lowes Blvd
Mooresville, NC 28117-8520

| | |
|---|---|
| **Entity:** | Lowe's Companies, Inc.<br>Entity ID Number 2515374 |
| **Entity Served:** | Lowes Companies Inc |
| **Title of Action:** | Norma Hunter vs. Lowe's Companies, Inc. |
| **Matter Name/ID:** | Norma Hunter vs. Lowe's Companies, Inc. (11530540) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-21-003847 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/31/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mark B. Blackburn<br>512-684-8900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-21-003847**

NORMA HUNTER AND BRENDA JONES

, Plaintiff

vs.

LOWE'S COMPANIES, INC., AND SPIRO PEREYO,

, Defendant

TO:     LOWES COMPANIES INC
        BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
        D/B/A CSC-LAWYERS INCORPORATIONG SERVICE COMPANY
        211 E 7TH STREET, STE 620
        AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on AUGUST 10, 2021 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 17, 2021.

REQUESTED BY:
MARK BRADLEY BLACKBURN
6618 SITIO DEL RIO BLVD STE C101
AUSTIN, TX 78730-1147
BUSINESS PHONE:(512)684-8900  FAX:(512)684-8920



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - - - - RETURN - - - - - - - - - - - -

Came to hand on the __31__ day of __AUG.__, __2021__ at __9:58__ o'clock __A__ M., and executed at

_____ within the County of _____ on the __31__ day of

__AUG__, __2021__, at _____ o'clock ____M.,

by delivering to the within named _____

_____, each in person, a true copy of this citation

together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                                    _____
                                                    Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                                    By:_____

_____ day of _____, _____.

                                                    _____
                                                    Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

                                                    _____ County, Texas

D-1-GN-21-003847                    SERVICE FEE NOT PAID                    P01 - 000110044

8/10/2021 12:20 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003847
Nancy Rodriguez

D-1-GN-21-003847

CAUSE NO. _____

| | | |
|---|---|---|
| NORMA HUNTER AND BRENDA JONES, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § § | |
| vs. | § § | TRAVIS COUNTY, TEXAS |
| LOWE'S COMPANIES, INC., AND SPIRO PEREYO, | § § § § | 419TH |
| **Defendants** | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NORMA HUNTER and BRENDA JONES ("Plaintiffs") and file this action against LOWE'S COMPANIES, INC. and SPIRO PEREYO ("Defendants"), and allege the following:

**1.0   DISCOVERY CONTROL PLAN**

1.1    Plaintiffs request that discovery be conducted under Tex. R. Civ. P. 190.4 (Level 3).

**2.0   PARTIES**

2.1    Plaintiff, NORMA HUNTER, resides in Austin, Travis County, Texas.

2.2    Plaintiff, BRENDA JONES, resides in Austin, Travis County, Texas.

2.3    Defendant, LOWE'S COMPANIES, INC., is a foreign corporation with its principal place of business at its U.S. corporate office, 1605 Curtis Bridge Rd, Wilkesboro, NC 28697, that owns, operates, and conducts business directly, and/or through its subsidiaries, and/or through assumed named entities in the State of Texas. Lowe's Companies, Inc. may be served with process

through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2.3     Defendant, Spiro Pereyo a.k.a. Spiro Pereyos Dendrinos ("Defendant Pereyo"), is an individual who may be served with citation and petition at his residence located at 500 E. Anderson Lane, Apt. 177K, Austin, Travis County, TX 78752-1232.

**3.0     JURISDICTION & VENUE**

3.1     Plaintiffs seek damages that are within the jurisdictional limits of the Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.

3.2     Venue is proper in Travis County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) and § 15.002(a)(2) because Travis County is the county in which all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred and the county in which Defendant Pereyo, resides.

**4.0     FACTS**

4.1     This is an action to recover money damages from Defendants for injuries and damages sustained by Plaintiffs, Ms. Norma Hunter and Ms. Brenda Jones, arising from a violent, commercial motor vehicle collision that occurred on or about August 13, 2019, in Austin, Travis County, Texas.

4.2     On that date at about 2:38 p.m., Plaintiffs were in Ms. Hunter's grey, 2014 Kia Sorento ('Kia') traveling south on Dessau Road in Austin, Travis County, Texas, approaching the intersection of Wandering Way.  Dessau Road is a wide, three lane road, which generally travels north and south.  The three southbound lanes and three northbound lanes at the intersection of Dessau Road and Wandering Way are divided by a narrow concrete median, and Dessau Road

---

**PLAINTIFFS' ORIGINAL PETITION**                                          **PAGE 2**

expands into four lanes to include dedicated turn lanes at the intersection. The speed limit on Dessau Road in this area is 50 mph and has clear lines of sight.

4.3     The intersection of Dessau Road and Wandering Way includes traffic control signal lights in each direction. This includes a protected turn signal for U-turns on Dessau Road and/or for Dessau traffic turning onto Wandering Way.

4.4     As Ms. Hunter's approached the intersection of Dessau Road and Wandering Way, she was first in line in the turn lane. The light was red, so Ms. Hunter came to a complete stop and waited patiently for the light to change. Ms. Hunter was heading home, and it was her intention to make a U-turn under a protected signal in order to travel north on Dessau Road. The protected turn light then turned green, indicating she could proceed into the intersection to perform a U-turn under a protected green turn light. After ensuring there was no oncoming traffic from the north or east, Ms. Hunter began making a U-turn to travel northbound on Dessau Road.

4.5     At that same time, Defendant Pereyo, was traveling westbound, in the far right lane, on Wandering Way. Defendant Pereyo was approaching the intersection of Dessau Road and westbound Wandering Way. At the intersection, Wandering Way has two westbound lanes: 1) the inner/left lane is a dedicated left turn lane onto southbound Dessau road; and 2) the outer/right lane is for thru/westbound traffic on Wandering Way, or to turn right/northbound on Dessau Road.

4.6     Defendant Pereyo was driving a large, white, 18-wheeled 2018 International Harvester T6 tractor-trailer, pulling a large trailer with attached forklift at the end. Defendant Pereyo was in the course and scope of his employment with Defendant Lowe's Companies, Inc. ("Lowe's"). Defendant Pereyo's massive, 18-wheeled tractor-trailer had a gross vehicle weight rating of ~ 80,000 pounds. The road surface was dry, and the lanes were straight, providing clear lines of sight from Defendant Pereyo's elevated position as he traveled this section of Wandering

Way.

  4.7  As Ms. Hunter proceeded into her U-turn to travel northbound onto Dessau Road, Defendant Pereyo approached the Dessau Road intersection which had a red traffic light for vehicles on Wandering Way. Defendant Pereyo slowed, but he did not stop at the red light. Instead, he entered the Dessau Road/Wandering Way intersection with the intention of turning right/northbound onto Dessau Road. In doing so, he began a wide right turn onto the northbound lanes on Dessau Road. Ms. Hunter had already started her U-turn onto northbound Dessau Road as Defendant Pereyo proceeded thru his red light.

  4.8  Despite a clear view of traffic at the intersection , Defendant Pereyo was distracted and inattentive and failed to see Ms. Hunter's Kia in northbound lanes of Dessau in front of him. In proceeding thru the red light, Defendant Pereyo then violently crashed the front driver's side of his massive, 18-wheeled tractor-trailer directly into the passenger side of the much smaller Hunter Kia (curb weight 3,594 lbs.). The extreme force from the angular 'T-bone' collision violently thrust Ms. Hunter's vehicle laterally, to her left. Likewise, the violent impact caused the hood of Defendant Pereyo's massive, 18-wheeled tractor-trailer 'fly up' as he continued his illegal turn.

  4.9  After the initial angular 'T-bone' impact, Ms. Hunter struggled to maintain control as both she and Ms. Jones were violently thrown to their right – towards the point of impact. Thankfully, she was able regain control, separate from Defendant Pereyo's massive, 18-wheeled tractor-trailer and come to a stop in northbound Dessau Road without colliding with any other objects or vehicles. Defendant Pereyo continued his illegal turn and came to a stop further down Dessau Road.

  4.10  After both vehicles came to a stop, Defendant Pereyo did come to the Hunter vehicle to check on the occupants. He admitted he had the red light and apologized for causing the

crash.

4.11    The Austin Police Department arrived on scene and investigated the crash. As a result of their investigation, Officer Evan Newcomer placed sole fault on Defendants for causing the crash and Ms. Hunter and Ms. Jones' injuries, noting 'driver inattention' of Defendant Pereyo.

4.12    Although properly restrained, the violent impact caused both Ms. Hunter and Ms. Jones to suffer severe bodily injuries. Ms. Hunter's injuries include severe headaches, neck pain, mid back pain, lower back pain that radiates to her toes, right hip pain, right knee, and right shoulder pain that radiates to her fingertips. Ms. Jones' injuries headaches along with pain in her neck, right arm, right leg, right ankle, right hip, left shoulder, upper abdomen and lower back.

4.13    Defendant Pereyo's negligence, negligence per se, and gross negligence proximately caused the collision and Ms. Hunter and Ms. Jones' injuries and damages.

## 5.0    CAUSES OF ACTION

### THE NEGLIGENCE OF DEFENDANT PEREYO

5.1    Defendant Pereyo negligent and is, therefore, directly liable to Plaintiffs as a result of the following acts or omissions:

(a)    Driver inattention;

(b)    Driving distracted and failing to maintain a proper look out;

(c)    Failing to yield the right of way at a red light;

(d)    Failing to turn safely;

(e)    Failing to take reasonable evasive action and maintain control of his vehicle to avoid a crash;

(f)    Failing to timely apply his brakes; and

(g)    Failing to operate a commercial motor vehicle in a manner that an ordinary and prudent person would have operated under the same or similar circumstances.

5.2     Had Defendant Pereyo used ordinary care or that degree of care ordinarily used by a person of ordinary prudence under the same or similar circumstances in operating a commercial motor vehicle, said resulting injuries and damages to Plaintiffs would not have occurred.

5.3     On August 13, 2019, Defendant Pereyo was operating the large 18-wheeled tractor-trailer in furtherance of Defendant Lowe's business interests.  Defendant Pereyo was in the course and scope of his employment with Lowe's. The above-described conduct of Defendants by action or omission, and whether considered singularly or in some combination with each other proximately caused the crash and Plaintiffs to suffer personal injuries and damages that are described below.

### NEGLIGENCE PER SE OF DEFENDANTS PEREYO AND LOWE'S

### Federal Motor Carrier Safety Regulations

5.4     In addition to common law duties which Defendant Pereyo owed to others who operated motor vehicles on the public highway, he owed duties under, and were governed by, the Federal Motor Carrier Safety Regulations ("FMCSR") and the Texas Transportation Code at all relevant times.  According to the FMCSR, Defendant Pereyo was considered a motor carrier and commercial motor vehicle operator with respect to the commercial motor vehicle that Defendant Pereyo was driving at the time of this crash.

5.5     Defendant Pereyo violated certain provisions of the FMCSR, and such violations constitute negligence per se and such violations were a proximate cause of the crash and Plaintiff's damages. Those violations include, but are not limited to FMCSR §392.2: Failure to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. See, e.g. traffic laws below.

**Texas Transportation Code**

5.6     In connection with the crash which is the subject of this cause, Defendant Pereyo also violated certain provisions of the Texas Transportation Code.   The conduct of Defendant Pereyo in this regard constituted negligence per se which was a proximate cause of the crash and Plaintiffs' damages.

5.7     Those violations include, but are not limited to:

- **Texas Transportation Code §544.007(d).**  **Traffic-Control Signals in General;** ***An operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line.*** In the absence of a stop line, the operator shall stop before entering the crosswalk on the near side of the intersection.

- **Texas Transportation Code §545.103.**  **Safely Turning.**  An operator may not turn the vehicle to enter a private road or driveway, ***otherwise turn the vehicle from a direct course***, or move right or left on a roadway ***unless movement can be made safely***.

- **Texas Transportation Code §545.151.**  **Vehicle Approaching or Entering Intersection.**  (f)  An operator ***who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision*** or interferes with other traffic at the intersection to whom right-of-way is to be given ***is presumed not to have yielded the right-of-way***.

- **Texas Transportation Code §545.401.**  **Reckless Driving;** Offense. Texas Transportation Code §545.40(a) states that a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

5.8    Defendant Pereyo's above-described conduct, by act or omission, and whether considered singularly or in some combination, constituted negligence per se which was a proximate cause of the motor vehicle crash and the injuries and damages sustained by Plaintiffs.

## GROSS NEGLIGENCE

5.9    As set forth above, Defendants had a duty to operate the commercial motor vehicle in a safe and reasonably prudent manner. Defendants made a conscious decision to operate the commercial motor vehicle in a reckless and distracted manner, and failed to yield the right of way to Plaintiffs resulting in a severe crash and serious injuries.

5.10    Defendants' act of driving distracted when viewed objectively from Defendants' standpoint at the time it occurred involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk, but nevertheless proceeded with a conscious indifference to the rights, safety, or welfare of others.

5.11    Plaintiffs' injuries and damages resulted from Defendants' gross negligence and such gross negligence was a proximate cause of the crash as well the significant injuries to Plaintiffs as defined under Chapter 41 of the Texas Civil Practice & Remedies Code.

## THE EMPLOYMENT RELATIONSHIP BETWEEN CORPORATE DEFENDANT LOWE'S AND DEFENDANT PEREYO

5.12    Defendant Pereyo was either an employee, agent, and/or servant of Defendant Lowe's, at the time of the violent crash made the basis of this cause of action.  Moreover, at the time of the crash, Defendant Pereyo was acting in the course and scope of his employment with, and on behalf of, and in furtherance of Defendant Lowe's, in a place and manner directed by his

supervisors, performing duties to benefit Defendant Lowe's. In this regard, Defendant Pereyo was an employee of Defendant Lowe's insofar as the master-servant relationship was concerned.

## THE VICARIOUS LIABILITY OF DEFENDANT LOWE'S

5.13    With respect to the actual damages caused by Defendant Pereyo's negligence and negligence per se, Corporate Defendant Lowe's is vicariously liable, jointly and/or severally, with respect to all such damages. This is the result of the application of the doctrine of respondeat superior, as described more particularly herein.

## THE NEGLIGENCE OF CORPORATE DEFENDANT LOWE'S

5.14    Furthermore, Defendant Lowe's was negligent and is therefore directly liable to Plaintiffs as a result of the following acts or omissions:

      (a)     negligent hiring with respect to Defendant Pereyo;

      (b)     negligent training with respect to Defendant Pereyo;

      (c)     negligent entrustment with respect to Defendant Pereyo; and

      (d)     negligent supervision with respect to Defendant Pereyo.

5.15    The above-described conduct of Defendant Lowe's by action or omission, and whether considered singularly or in some combination, constituted negligence which was a proximate cause of the crash and the damages sustained by Plaintiffs. Plaintiffs are entitled to an award of compensatory damages from Defendant Lowe's as a result of negligence that was a proximate cause of Plaintiffs' actual damages.

## 6.0    DAMAGES

6.1    Plaintiffs, Norma Hunter and Brenda Jones, seek the following elements of damage which are within the jurisdictional limits of this Court:

a. Medical expenses in the past;

b. Medical expenses that, in reasonable probability, they will suffer in the future;

c. Physical pain in the past;

d. Physical pain that, in reasonable probability, they will suffer in the future;

e. Mental anguish in the past;

f. Mental anguish that, in reasonable probability, they will suffer in the future;

g. Physical impairment in the past;

h. Physical impairment that, in reasonable probability, they will suffer in the future;

i. Physical disfigurement in the past;

j. Physical disfigurement that, in reasonable probability, they will suffer in the future; and

k. Exemplary damages.

6.2 The damages sought herein, exclusive of interest and costs, are within the jurisdictional limits of this court.

## 7.0  JURY DEMAND

7.1 Plaintiffs hereby request a trial by jury, pursuant to Texas Constitution article 1, section 15.

## 8.0  DISCOVERY – INITIAL DISCLOSURES

8.1 All parties to this lawsuit must make initial disclosures at or within 30 days after the filing of the first answer. TEX. R. CIV. P. 194. A party that is first served or otherwise joined after the

---

**PLAINTIFFS' ORIGINAL PETITION**                                   **PAGE 10**

filing of the first answer must make the initial disclosures within 30 days after being served or joined, unless a different time is set by the parties' agreement or court order. *Id.*

## 9.0    RULE 193.7 NOTICE

9.1    Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiffs intend to rely upon the authenticity of any document that Defendants produce in discovery.

## 10.0    PRAYER

10.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Defendants be served with citation and after a trial herein, Plaintiffs have and recover against the Defendants the following relief:

  a)    Judgment against Defendants for all of Plaintiffs' actual damages, both general and special as described above;

  b)    Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003;

  c)    Pre-judgment and post-judgment interest pursuant to Tex. Fin. Code Chapter 304;

  d)    Costs of court as authorized by Tex. R. Civ. P. 131; and

  e)    Such other relief to which Plaintiffs may be entitled, both general and special.

Respectfully submitted,

**ERSKINE & BLACKBURN, P.L.L.C.**

By: */s/ Mark B. Blackburn*
MARK B. BLACKBURN
State Bar No. 02388990
E-Mail: mblackburn@erskine-blackburn.com

BLAKE C. ERSKINE, JR.
State Bar No. 00786383
E-Mail: berskine@erskine-blackburn.com

JEFFERY K. WORK
State Bar No. 21998700

E-Mail: jwork@erskine-blackburn.com

**ERSKINE & BLACKBURN, P.L.L.C.**
6618 Sitio del Rio Blvd., Bldg. C-101
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

**ATTORNEYS FOR PLAINTIFFS**

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
A Non-Profit Corporation

---

## IF YOU NEED A LAWYER
## AND DON'T KNOW ONE,
## THE LAWYER REFERRAL SERVICE
## CAN HELP

### 512-472-8303
**866-303-8303 (toll free)**
**www.AustinLRS.com**

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN
## ABOGADO Y NO CONOCE A NINGUNO
## PUEDE LLAMAR
## A LA REFERENCIA DE ABOGADOS

### 512-472-8303
**866-303-8303 (llame gratis)**
**www.AustinLRS.com**

**Abierto de lunes a viernes de 8:00 am–4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

CAUSE NO. D-1-GN-21-003847

| | | |
|---|---|---|
| NORMA HUNTER AND<br>BRENDA JONES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | TRAVIS COUNTY |
| | § | |
| LOWE'S COMPANIES, INC., AND<br>SPIRO PEREYO | § | |
| | § | |
| *Defendants.* | § | 419th JUDICIAL DISTRICT |

## <u>DEFENDANT LOWE'S COMPANIES, INC.'S ORIGINAL ANSWER</u>

COMES NOW, LOWE'S COMPANIES, INC. (*incorrectly named and an improper party*) ("Lowe's"), one of the defendants in the above-numbered and titled Cause, and file this its Original Answer, and in support thereof would respectfully show the Court as follows:

### I.
### <u>GENERAL DENIAL</u>

Lowe's denies each and every, all and singular, material allegations contained within Plaintiffs' pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### <u>SPECIFIC DENIAL</u>

Subject to and without waiving its General Denial, and in the alternative, Defendant Lowe's Companies, Inc. (*incorrectly named and an improper party*) specifically denies, pursuant to Rule 93(4) of the TEXAS RULES OF CIVIL PROCEDURE, that it has any liability and/or interest in the incident that forms the basis of

Plaintiffs' lawsuit, denies that it is a proper party to this lawsuit, and hereby challenges this Court's jurisdiction over it.

### III.
### AFFIRMATIVE DEFENSES & INFERRENTIAL REBUTTALS

Subject to and without waiving the foregoing General and Specific Denials, Lowe's asserts the following additional affirmative defenses and inferential rebuttals:

Lowe's would show that the damages and injuries alleged in Plaintiffs' Original Petition were legally and proximately caused, in whole or in part, by the negligence of Plaintiffs and Lowe's is therefore entitled to have the jury apply the doctrine of proportionate responsibility or comparative negligence established by Section 33.001 et seq. of the Texas Civil Practice and Remedies Code, to reduce or bar any claim against Lowe's.

Lowe's would further show that any injuries, damages, or liabilities complained of by the Plaintiffs herein are the result, in whole or in part, of a pre-existing condition and disabilities, and are not the result of any act or omission on the part of Lowe's.

### IV.
### JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Lowe's demands a trial by jury.

### V.
### 193.7 NOTICE

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Lowe's hereby gives actual notice to Plaintiffs that any and all documents produced by Plaintiffs

may be used against Plaintiffs at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

**WHEREFORE, PREMISES CONSIDERED**, LOWE'S COMPANIES, INC. (*incorrectly named and an improper party*) prays that Plaintiffs take nothing by this suit, that Plaintiffs be required to pay Lowe's costs, and for such other and further relief, both general and special, at law and in equity, to which Lowe's may show themselves justly entitled.

Respectfully submitted,

**MAYER LLP**
4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:   */s/ Kevin Riley*
      Kevin P. Riley
      State Bar No. 16929100
      E-Mail: kriley@mayerllp.com
      Dwayne I. Lewis II
      State Bar No. 24097996
      E-Mail: dlewis@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**LOWE'S COMPANIES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of September 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Mark B. Blackburn
Blake C. Erskine, Jr.
Jeffery K. Work
**Erskine & Blackburn, P.L.L.C.**
6618 Sitio del Rio Blvd., Bldg. C-101
Austin, Texas 78730
mblackburn@erskine-blackburn.com
berskine@erskine-blackburn.com
jwork@erskine-blackburn.com

*ATTORNEYS FOR PLAINTIFFS*

☒E-Mail
☐Hand Delivery
☐Facsimile
☐Overnight Mail
☐Regular, First Class Mail
☐Texas E-File
☐Certified Mail/Return Receipt Requested

 

 

                    */s/ Kevin P. Riley*
                    Kevin P. Riley

# EXHIBIT 3

*(State Court Docket Sheet)*

# Case Information

## Norma Hunter, Brenda Jones vs. Lowe's Companies, Inc., Spiro Pereyo
D-1-GN-21-003847

 Refresh                File Into

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Travis County - District Clerk | Civil - Injury or Damage | Motor Vehicle Accident | 8/10/2021 |

Judge
419th District Court ▾

## Parties

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Norma Hunter ▾ | Mark Blackburn ▾ |
| Plaintiff | Brenda Jones ▾ | Mark Blackburn ▾ |
| Defendant | Lowe's Companies, Inc. ▾ | |
| Defendant | Spiro Pereyo ▾ | |

## Events

| Oldest | Search events | 🔍 | ❓ |
|---|---|---|---|

＋ All   − All

### Petition
Plaintiffs' Original Petition

File Date
8/10/2021

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Plaintiffs' Original Petition_Jones & Hunter.pdf | Plaintiffs' Original Petition_Jones & Hunter.pdf | Does not contain sensitive data | 12 | $1.20 | 🛒 Add |

### No Fee Documents
Letter to Clerk re Updated Fees for Citations

File Date
8/12/2021

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Letter to Clerk re Updated Fees for Citations 081221_Jones & Hunter.pdf | Letter to Clerk re Updated Fees for Citations 081221_Jones & Hunter.pdf | Does not contain sensitive data | 2 | $0.20 | 🛒 Add |

### No Fee Documents
Return of Service - Lowe's Companies, Inc.

File Date
9/2/2021

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Lowe's Companies Inc. Return of Service.pdf | Lowe's Companies, Inc. Return of Service.pdf | Does not contain sensitive data | 1 | $0.10 | 🛒 Add |

### No Fee Documents
Defendant Spiro Pereyo's Return of Service

File Date
9/10/2021

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Defendant Spiro Pereyo Return of Service.pdf | Defendant Spiro Pereyo Return of Service.pdf | Does not contain sensitive data | 1 | $0.10 | 🛒 Add |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.8.0.61



## Norma Hunter, Brenda Jones vs. Lowe's Companies, Inc., Spiro Pereyo

D-1-GN-21-003847

 Refresh     File Into

# EXHIBIT 4

*(Counsel of Record and Information)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **NORMA HUNTER AND** | § | |
| **BRENDA JONES,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 1:21-cv-00876** |
| | § | **JURY TRIAL DEMANDED** |
| **LOWE'S COMPANIES, INC., AND** | § | |
| **SPIRO PEREYO** | § | |
| | § | |
| *Defendants.* | § | |

**COUNSEL OF RECORD AND INFORMATION
PURSUANT TO 28 U.S.C. § 1446(A)**

**(1)    A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);**

Plaintiffs    *Norma Hunter and Brenda Jones*

Defendants   *Lowe's Companies, Inc. (incorrectly named and an improper party) and Spiro Pereyo*

The removed case is currently pending.

**(2)    A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);**

See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "B."*

**(3)  A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;**

***Counsel for Plaintiffs***
***Norma Hunter and Brenda Jones***

Mark B. Blackburn
State Bar No. 02388990
Email: mblackburn@erskine-blackburn.com
Black C. Erskine, Jr.
State Bar No. 00786383
Email: berskine@erskine-blackburn.com
Jeffery K. Work
State Bar No. 21998700
Email: jwork@erskine-blackburn.com
**ERSKINE & BLACKBURN, P.L.L.C.**
6618 Sitio de Rio Blvd., Bldg. C-101
Austin, Texas 78730
512.684.8900 / F: 512.684.8920


***Counsel for Defendant***
***Lowe's Companies, Inc.***

Kevin P. Riley
State Bar No. 16929100
E-Mail: kriley@mayerllp.com
Dwayne I. Lewis II
State Bar No. 24097996
E-Mail: dlewis@mayerllp.com
**MAYER LLP**
4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / F: 713.487.2019

**(4)  A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number)**; and

- Defendant, LOWE'S COMPANIES, INC. has requested a trial by jury.

**(5)  The name and address of the court from which the case is being removed.**

419th Judicial District Court
Travis County Courthouse
1000 Guadalupe, Room 507
Austin, Texas 78701
512.854.4023